PROB. 12B
(7/93)

# United States District Court

для the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 24 2006

at \_\_\_ o'clock and \_\_\_ min. \_\_\_ M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: FRED NOBRIGA          Case Number: CR 03-00209HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 3/1/2004

Original Offense: Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(9), a Class C felony

Original Sentence: Twenty-seven (27) months imprisonment to be followed by three (3) years supervised release with the following special conditions: 1) That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant shall participate in a mental health program at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; and 4) That the defendant shall provide the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release     Date Supervision Commenced: 3/13/2006

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

Prob 12B
(7/93)

2

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | The defendant refused to comply with drug testing on 4/21/2006, 4/25/2006 and 5/5/2006. |
| 2. General Condition | The defendant submitted a urine specimen on 5/11/2006 that was presumptively positive for methamphetamine and marijuana. |
| 3. General Condition | The defendant submitted a urine specimen on 5/16/2006 that was presumptively positive for opiates. |

The subject began his term of supervised release on 3/13/2006. As a condition of supervision, the subject entered the substance abuse treatment and testing program at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On Monday, 5/8/2006, this officer received written notification from DASH that the subject failed to appear for drug testing on 5/5/2006. Upon telephonically contacting the subject's counselor at DASH, it was discovered that due to an oversight by DASH, the probation office was not notified that the subject also failed to appear for drug testing on 4/21/2006, and 4/25/2006.

On 5/9/2006, the subject was telephonically contacted and questioned about his failure to appear for urine testing on 4/21/2006, 4/25/2006, and 5/5/2006. The subject explained to this officer that just prior to 4/21/2006, he started using methamphetamine and marijuana and admitted that he used methamphetamine as recently as that night. The subject stated that he was afraid his supervised release would be revoked and chose not to appear at DASH for urine testing. He acknowledged that he has a serious substance abuse problem and reported that he recently attended an assessment at the Big Island Substance Abuse Council (BISAC) and was placed on a waiting list to enter their Intensive Outpatient Program and Therapeutic Living Program (TLP).

The subject was instructed to stop using methamphetamine and to return to providing urine specimens at DASH. He was further instructed to telephonically contact this officer on a daily basis until he enters into the BISAC program.

Later that same day, a representative from BISAC confirmed that the subject attended an assessment and was placed on a wait list for their IOP and TLP programs.

On 5/11/2006, the subject provided a urine specimen at DASH that was presumptively positive for methamphetamine and marijuana. Upon being questioned, the subject reported that he had not used any illegal drugs since 5/9/2006. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. The results remain outstanding.

Prob 12B
(7/93)

3

    As instructed, the subject has remained in daily contact with this officer. On 5/17/2006, the intake director at BISAC reported that the subject was accepted into their 6-month-long IOP program and would begin treatment on 5/18/2006. While in IOP treatment, the subject will be required to attend 3 classes per week that are each 3 hours in duration. Furthermore, the subject is on a wait list to enter into their TLP (residential treatment program). Once accepted, the subject will remain in residential drug treatment for a minimum of three months. It is anticipated that bedspace should become available within 7 days.

    Additionally, on 5/17/2006, the subject provided a urine specimen at DASH that was negative for methamphetamine but that was presumptively positive for opiates. Upon being questioned, the subject reported that he had a severe toothache. He explained that in an attempt to control the throbbing pain in his mouth, he ingested a pain pill that was not prescribed to him. The subject claims that he was unaware that he was prohibited from taking this pain medication. The subject is in process of securing an appointment to see a dentist and has been instructed to provide a note as proof of his dental condition. Additionally, he has been instructed to refrain from taking any prescription medication that is not specifically prescribed to him. It is noted that the subject does not have a history of abusing narcotic-based drugs.

    Given the subject's desire to address his drug addiction, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to enter and complete the BISAC IOP and TLP programs. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes using marijuana and methamphetamine. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. Attached is a

Prob 12B
(7/93)

4

signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 5/18/2006

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

HELEN GILLMOR
Chief U.S. District Judge

5-22-06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Witness: _____
BRIAN HYATT
U.S. Probation Officer

Signed: _____
FRED NOBRIGA
Supervised Releasee

5/12/06
Date