FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

FRED NOBRIGA,
    *Defendant-Appellant.*

No. 04-10169

D.C. No.
CR-03-00209-HG

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted April 8, 2005
Submission Withdrawn January 3, 2006
Resubmitted December 29, 2006
Pasadena, California

Filed December 29, 2006

Before: Harry Pregerson,* Kim McLane Wardlaw, and
Marsha S. Berzon, Circuit Judges.

Per Curiam Opinion

---

*Judge Harry Pregerson was drawn to replace Judge James M. Fitzge[r]ald, Senior United States District Judge for the District of Alaska, who s[at] by designation. Judge Pregerson has read the briefs, reviewed the recor[d] and listened to the tape of oral argument held on April 8, 2005.

20057

## SUMMARY

**Criminal Law and Procedure/Criminal Acts**

The court of appeals reversed a judgment of the district court. The court held that the "physical force" language of 18 U.S.C. § 921(a)(33)(A)(ii), which applies to a person convicted of a misdemeanor crime of domestic violence, requires the violent use of force against the body of another individual.

Appellant Fred Nobriga was indicted by a federal grand jury in Hawaii for being a person previously convicted of a "misdemeanor crime of domestic violence" in possession of a firearm in violation of 18 U.S.C. § 922(g)(9). The predicate offense at issue was Nobriga's conviction for abuse of a family or household member, in violation of Hawaii's § 709-906(1). Nobriga had pleaded no contest to the Hawaii charge in a Hawaii state court, and the court found Nobriga guilty as charged. Nobriga moved to dismiss the federal indictment, claiming that his underlying Hawaii conviction was not for a misdemeanor crime of domestic violence, and that § 922(g)(9) was therefore inapplicable. The district court denied the motion, ruling that the Hawaii statute was not categorically a misdemeanor crime of domestic violence, but that the charging documents, together with the judgment, demonstrated that Nobriga had pleaded to a "misdemeanor crime of domestic violence" as defined by § 921(a)(33)(A). The district court sentenced Nobriga.

Nobriga appealed the district court's denial of his motion to dismiss, arguing that neither the Hawaii statute standing alone nor the judicially noticeable facts established that the victim of his Hawaii offense had the domestic relationship to Nobriga required by § 921(a)(33)(A)(ii). Nobriga also argued that his Hawaii conviction did not involve the violent use of force, as required under § 921(a)(33)(A)(ii).

[1] Section 922(g)(9) does not require that the misdemeanor statute charge a domestic relationship as an element. It requires only that the misdemeanor have been committed against a person who was in one of the specified domestic relationships. [2] Thus, the domestic relationship element need not be an element of the predicate offense. Rather, it is an element of the federal offense under § 922(g)(9), to be proven at trial. As the government could have proven the necessary domestic relationship at trial, the mismatch between the Hawaii and federal domestic violence statutes was not a basis for invalidating the indictment.

[3] Hawaii's § 709-906(1) does not necessarily require a violent use of force. [4] Hawaii law recognizes that § 709-906(1)'s "physically abuse" prong can be satisfied with a reckless, as opposed to intentional, use of force. Crimes that involve the reckless use of force cannot be considered crimes of violence. Section 921(33)(A)(ii)'s "physical force" language requires the violent use of force against the body of another individual. The holding that crimes that involve the reckless use of force cannot be considered crimes of violence logically extended to the interpretation of § 921(33)(A)(ii). [5] Because nothing in the record established that Nobriga acted with anything other than recklessness, his motion to dismiss the indictment should have been granted. The judgment of the district court had to be reversed.

## COUNSEL

De Anna S. Dotson, Kapolei, Hawaii, for the defendant-appellant.

Edward H. Kubo, Jr., United States Attorney, and Wes Reber Porter, Assistant United States Attorney, District of Hawaii, Honolulu, Hawaii, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Fred Nobriga appeals the district court's denial of his motion to dismiss the indictment. The indictment charged him with violating 18 U.S.C. § 922(g)(9) by possessing a firearm after having been previously convicted of a "misdemeanor crime of domestic violence," as defined by 18 U.S.C. § 921(a)(33)(A)(ii). We reverse the district court's denial of Nobriga's motion to dismiss.

### I.

Nobriga was indicted in 2003 by a federal grand jury in Hawaii for being a person previously convicted of a "misdemeanor crime of domestic violence" in possession of a firearm. Section 921(a)(33)(A)(ii) defines that term as any misdemeanor that:

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

The predicate offense at issue was Nobriga's conviction for Abuse of a Family or Household Member ("AFHM"), in violation of section 709-906(1) of the Hawaii Revised Statutes. Nobriga had pleaded no contest to AFHM in a Hawaii state court, and the court found Nobriga guilty "as charged."

Nobriga moved to dismiss the federal indictment, claiming that his underlying AFHM conviction was not for a "misde-

meanor crime of domestic violence," and that 18 U.S.C. § 922(g)(9) was therefore inapplicable. The district court held that the Hawaii statute was not categorically a "misdemeanor crime of domestic violence," but that the charging documents, together with the judgment, demonstrated that Nobriga had pleaded to a "misdemeanor crime of domestic violence" as defined by 18 U.S.C. § 921(a)(33)(A).

After the district court denied Nobriga's motion to dismiss, Nobriga entered into a plea agreement with the government, reserving the right to appeal the district court's denial of his motion to dismiss. The district court sentenced Nobriga to twenty-seven months' imprisonment, three years of supervised release, and a "special assessment of $100." Nobriga timely appeals.

## II.

On appeal, Nobriga argues that neither his conviction under the Hawaii statute, standing alone, nor the judicially noticeable facts establish that Nobriga and the victim of his Hawaii offense had the domestic relationship required by § 921(a)(33)(A)(ii). His challenge is controlled by our decision in *United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003).

[1] In *Belless*, we held that "[§ 922(g)(9)] does not require that the misdemeanor statute charge a domestic relationship as an element. It requires only that the misdemeanor have been committed against a person who was in one of the specified domestic relationships." *Id.* at 1066. In reaching this conclusion, *Belless* joined "all seven of our sister circuits to have spoken to the issue." *Id.* (citing *White v. Dep't of Justice*, 328 F.3d 1361 (Fed. Cir. 2003); *United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003); *United States v. Kavoukian*, 315 F.3d 139 (2d Cir. 2002); *United States v. Barnes*, 295 F.3d 1354 (D.C. Cir. 2002); *United States v. Chavez*, 204 F.3d 1305 (11th Cir.

2000); *United States v. Meade*, 175 F.3d 215 (1st Cir. 1999); *United States v. Smith*, 171 F.3d 617 (8th Cir. 1999)).

[2] Thus, under *Belless*, the domestic relationship element need not be an element of the *predicate* offense. Rather, it is an element of the *federal* offense under § 922(g)(9), to be proven at trial. *Cf. Kavoukian*, 315 F.3d at 145 (noting that the domestic relationship element is an element of the federal crime). As the government could have proven the necessary domestic relationship at trial, the mismatch between the Hawaii and federal domestic violence statutes is not a basis for invalidating the indictment.[1] *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." (internal quotation marks omitted)).[2]

### III.

Nobriga also challenges the district court's denial of his motion to dismiss the indictment on the basis that his AFHM conviction did not involve the "violent use of force," as required under § 921(a)(33)(A)(ii). *See Belless*, 338 F.3d at 1068 (holding that "[t]he phrase 'physical force' in the federal definition at 18 U.S.C. § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual").

---

[1] Nobriga's appeal is restricted to the denial of the motion to dismiss the indictment, so we do not reach any question concerning the validity of the plea, including whether the factual basis established with regard to the requisite domestic relationship was adequate. *See* Fed. R. Crim. P. 11(b)(3).

[2] *Kavoukian* suggested that an indictment could be insufficient if it failed specifically to allege the domestic relationship element. *Kavoukian*, 315 F.3d at 145. We do not decide whether the indictment was insufficient on this basis, however, because, as noted, Nobriga did not raise this question. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); *United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir. 2002) (holding that post-*Cotton*, a district court does not lack jurisdiction when an indictment fails to allege an element of the federal offense).

[3] Section 709-906(1) of the Hawaii Revised Statutes does not necessarily require a "violent use of force." In addition to making it unlawful "to physically abuse a family or household member," the statute also proscribes "refus[ing] compliance with the lawful order of a police officer," an offense that specifies no use of force, violent or otherwise. Under the modified categorical approach derived from *Taylor v. United States*, 495 U.S. 575, 602 (1990), however, the record establishes that Nobriga necessarily pleaded guilty to a "violent use of force." As the district court concluded, the charging papers and the judgment of conviction make clear that Nobriga pleaded guilty to "physically abus[ing] a family or household member," not to "refus[ing] compliance with a lawful order of a police officer."

[4] Still, Hawaii law recognizes that section 709-906(1)'s "physically abuse" prong can be satisfied with a reckless, as opposed to intentional, use of force. *See State v. Eastman*, 913 P.2d 57, 66 (Haw. 1996); *see also State v. Miller*, 98 P.3d 265, 266 n.1 (Haw. Ct. App. 2004). We recently held that crimes that involve the reckless use of force cannot be considered crimes of violence. *See Fernandez-Ruiz v. Gonzales*, No. 03-74533, slip op. 17851, 17868 (9th Cir. Oct. 26, 2006). *Fernandez-Ruiz* so held in the context of 18 U.S.C. § 16(a), which defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Section 921(33)(A)(ii) does not use precisely the same language as § 16(a); in particular, the former provision does not contain the words "against the person or property of another." Nevertheless, our caselaw has interpreted § 921(33)(A)(ii)'s "physical force" language as requiring "the violent use of force *against the body of another individual*," *see Belless*, 338 F.3d at 1068 (emphasis added), as have all the other circuits that have addressed the question, *see United States v. Griffith*, 455 F.3d 1339, 1342 (11th Cir. 2006) (writing that the plain meaning of "physical force," for purposes of § 921(33)(A)(ii), is "[p]ower, violence, or pressure directed

against another person's body); *United States v. Rogers*, 371 F.3d 1225, 1228-29 (10th Cir. 2004) (writing that a prior conviction under § 921(33)(A)(ii) demonstrates a "propensity for the use of physical violence against others"); *United States v. Nason*, 269 F.3d 10, 16 (1st Cir. 2001) (characterizing "physical force," for purposes of § 921(33)(A)(ii), as "power, violence, or pressure directed against another person's body"). The holding of *Fernandez-Ruiz*, therefore, logically extends to the interpretation of § 921(33)(A)(ii).

[5] Because nothing in the record establishes that Nobriga acted with anything other than recklessness, his motion to dismiss the indictment should have been granted.

**REVERSED.**